IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOSEPH PATTON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:20-cv-04236-NKL |
| MISSOURI FARM BUREAU SERVICVES, INC., et al., | ) |
| Defendants. | ) |

**ORDER**

Before the Court is the Farm Bureau Insurance Companies'[1] Motion to Dismiss, or, in the alternative, Motion for More Definite Statement (the "Motion"). *See* Doc. 30. Farm Bureau argues that Count I of Plaintiff Joseph Patton's Complaint, Doc. 1, should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Farm Bureau asks, in the alternative, that Mr. Patton be ordered to make Count I more definite pursuant to Rule 12(e). Farm Bureau also asks the Court to dismiss Count II, and certain portions of Count I, due to Mr. Patton's previous dismissal of his Missouri Merchandising Practices Act ("MMPA") claims.[2] As discussed in more detail below, Farm Bureau's Motion is

---

[1] The Complaint names various Farm Bureau entities as defendants: Missouri Farm Bureau Services, Inc., Missouri Farm Bureau Federation, Farm Bureau Town & Country Insurance Company of Missouri, Farm Bureau Life Insurance Company of Missouri, Legacy Life Insurance Company of Missouri, New Horizons Insurance Company of Missouri (f/k/a Farm Bureau New Horizons Insurance Company of Missouri) and Missouri Farm Bureau Insurance Brokerage, Inc. The Court will refer to them collectively as "Farm Bureau" or "Farm Bureau Insurance Companies" in this Order.

[2] Farm Bureau initially included in its Motion arguments that the Director of the Department of Insurance, who was once a Defendant, should be dismissed. However, in its Reply Brief, Farm Bureau acknowledges that the Court previously dismissed the Director by Order dated August 11, 2021. *See* Doc. 55, at 1 (Farm Bureau's Reply); Doc. 49 (Minute Entry dismissing Director
1

GRANTED in part and DENIED in part.  Count II of the Complaint is hereby DISMISSED, and any reference to the MMPA is stricken.  The remainder of Farm Bureau's Motion is DENIED.

**I.        Background**

Joseph Patton was a 30-year employee of Farm Bureau Insurance Brokerage, Inc.  He exclusively sold insurance for all the Farm Bureau Defendants out of an office located in Lawrence County.  Mr. Patton claims he was terminated by Farm Bureau after reporting another insurance agent in his office, Skyler Lacey, for harassing, discriminating against, and creating a hostile work environment for a female co-worker, Latosha West.  Mr. Patton claims that Ms. West frequently complained to him about Mr. Lacey's behavior.  Mr. Patton had also previously seen Mr. Lacey treat women at work similarly, including co-workers, policy holders, and the public.  Given what he saw and the reports from Ms. West, Mr. Patton believed he had an obligation to report Mr. Lacey's behavior to his supervisors.

On April 19, 2019, Mr. Patton met with Farm Bureau executives in Farm Bureau's home office in Jefferson City and informed them of Mr. Lacey's behavior and its effect on Ms. West.  The executives told Mr. Patton they "were not going to discuss Mr. Lacey's conduct, his misconduct and his comments to Ms. West[,] or Ms. West's complaint."  *See* Doc. 1 ¶ 37.  At the April 19 meeting, the executives did not ask any additional questions or ask for any additional evidence Mr. Patton had collected.  Instead, the executives "subtl[y] critic[ized]" Mr. Patton's sales numbers.  *Id.* ¶ 43.  Mr. Patton alleges that Farm Bureau did nothing to investigate or address Mr. Lacey's behavior.  Then, six weeks later, on June 4, 2019, two of the executives with whom Mr. Patton met in Jefferson City appeared unannounced at his office in Lawrence

---

of the Department of Insurance).  The Court will not address Farm Bureau's arguments on this point because they are moot.

2

County to inform him that he was being discharged, effective immediately. They removed Mr. Patton's office door and prohibited him from entering or collecting any work-related materials from his office, including documentary evidence of Ms. West's complaints.

Mr. Patton alleges that Farm Bureau has also withheld commissions he earned before he was terminated on June 4, 2019. Farm Bureau has also withheld Mr. Patton's 401K.

On November 25, 2019, Mr. Patton jointly filed his Charge of Discrimination ("Charge") with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"). Mr. Patton alleges he received his right to sue letter from the EEOC on September 15, 2020. Mr. Patton does not allege that he requested or received a right to sue letter from the MCHR. Mr. Patton then filed his two-count Complaint on December 3, 2020. In Count I, he alleges retaliation in violation of "42 USC 2000e et seq. and other Federal Anti-Discrimination in Employment Statutes and Chapter 213 RSMo." *See, e.g.*, Doc. 1, ¶ 65. In Count II, Mr. Patton alleges violations of the MMPA, arising from his claims that Farm Bureau withheld commissions he earned prior to his termination. *Id.* at ¶¶ 78–79.

## II. Legal Standard

### A. Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999) (quoting *Redland Ins. Co. v. Shelter Gen. Ins. Cos.*, 121 F.3d 443, 446 (8th Cir. 1997)). "The well-pleaded facts alleged in the complaint, not the legal theories of recovery or legal conclusions identified therein, must be

viewed to determine whether the pleading party provided the necessary notice and thereby stated a claim in the manner contemplated by the federal rules." *Parkhill v. Minn. Mut. Life Ins. Co.*, 286 F.3d 1051, 1057–58 (8th Cir. 2002); *see also Quinn–Hunt v. Bennett Enters., Inc.*, 122 Fed. Appx. 205, 207 (6th Cir. 2005) ("The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of the claim. Factual allegations alone are what matters.") (quoting *Albert v. Carovano*, 851 F.2d 561, 571 n. 3 (2d Cir.1988)). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party . . . but [is] not bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015) (internal citations omitted). "When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ashford v. Douglas Cty.*, 880 F.3d 990, 992 (8th Cir. 2018) (quoting *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014)).

### B. Motion for More Definite Statement

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Motions

4

for more definite statement "'are designed to strike at unintelligibility rather than lack of detail in the complaint.'" *Batten v. Fairway Capital Recover, LLC*, No. 12–04224–CV, 2012 WL 5866564, at *2 (W.D. Mo. Nov. 19, 2012) (quoting *Tinder v. Lewis Cnty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 960 (E.D. Mo. 2001)). "[T]he only question is whether it is possible to frame a response to the pleading." *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 901 (D. Minn. 2013) (internal citations omitted). Motions for a more definite statement are "universally disfavored" due to "liberal notice pleading and the availability of extensive discovery." *Campbell v. Lake Reg'l Med. Mgmt., Inc.*, No. 2:19-CV-04124, 2019 WL 4228894, at *2 (W.D. Mo. Sept. 5, 2019); *Tinder*, 207 F. Supp. 2d at 959.

### III. Discussion

Farm Bureau makes several arguments for dismissal. To begin, Farm Bureau argues that Count II of the Complaint should be dismissed because it raises claims under the Missouri Merchandising Practices Act ("MMPA"), which have been voluntarily dismissed by Mr. Patton. Farm Bureau also asks the Court to "dismiss" the portions of Count I that reference the MMPA. Second, Farm Bureau argues that Mr. Patton's MHRA claims should be dismissed under Rule 12(b)(6) for failure to exhaust his administrative remedies. Third, Farm Bureau argues that Mr. Patton's claims under federal anti-discrimination statutes must be dismissed under Rule 12(b)(6) for failure to exhaust his administrative remedies. Finally, Farm Bureau complains that Mr. Patton's Complaint failed to comply with Rule 8(a)'s pleading standards. The Court will address each in turn.

#### A. Claims Relating to the MMPA

To begin, Farm Bureau acknowledges that Mr. Patton has filed a Notice of Voluntary Dismissal of Count II of the Complaint without prejudice. *See* Doc. 55 (Farm Bureau's Reply),

5

Case 2:20-cv-04236-NKL   Document 66   Filed 10/18/21   Page 5 of 13

at 3; *see also* Doc. 21 (Mr. Patton's Notice of Voluntary Dismissal). The Court recognizes Mr. Patton has dismissed Count II, and to the extent Farm Bureau's Motion seeks a Court Order establishing that Count II has been dismissed, it is GRANTED.

Farm Bureau also asks the Court to "dismiss" the portions of Count I that relate to the MMPA. Seeing no claim in Count I based upon the MMPA, the Court will treat Farm Bureau's Motion as one to strike allegations in the Complaint that refer to the MMPA as "redundant, immaterial, [or] impertinent" under Rule 12(f), which will be GRANTED.

### B. Whether Mr. Patton Exhausted his MHRA Claim

The Court next turns to Farm Bureau's argument that Mr. Patton failed to exhaust his administrative remedies as required by the MHRA. "In order to sue under the MHRA, a potential plaintiff first must file a complaint with the MCHR. The potential plaintiff then must obtain a right-to-sue letter from the MCHR before filing suit." *Bonvicino v. Sec. Servs. of Am.*, No. 4:07CV78, 2007 WL 1138843 *3–4 (E.D. Mo. Apr. 17, 2007) (internal citations omitted); *see also Stuart v. General Motors Corp*., 217 F.3d 621, 630 (8th Cir. 2000) ("To initiate a claim under the MHRA a party must timely file an administrative complaint with the MCHR and either adjudicate the claim through the MCHR or obtain a right-to-sue letter."). "[T]he Commission's *issuance* of a right-to-sue letter is a statutory prerequisite to suit when asserting a petition for damages pursuant to the MHRA." *McDonald v. Chamber of Com. of Indep.*, 581 S.W. 3d 110, 118 (Mo. App. Ct. 2019) (emphasis in original).

While Mr. Patton alleges he jointly filed his complaint with the EEOC and MCHR, he alleges only that he received a right to sue letter from the EEOC. There is no allegation in the Complaint—or argument in the briefing, for that matter—that Mr. Patton received a right to sue letter from the MCHR, or that one was unnecessary. Farm Bureau argues that, given Mr. Patton

failed to plead that he exhausted as required by the MHRA, the Court should dismiss Mr. Patton's MHRA claims under Rule 12(b)(6). Farm Bureau's Motion to Dismiss Mr. Patton's MHRA claim is DENIED for the following reasons.

The Court must look to state law to determine whether exhaustion is an affirmative defense, but federal law governs when and how such a defense must be raised in federal court. *See First Union Nat. Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 622 (8th Cir. 2007); *Christenson v. Freeman Health Sys.*, 71 F. Supp. 3d 964, 968 (W.D. Mo. 2014). Under Missouri law, administrative exhaustion is an affirmative defense that must be pled and proven by defendants. *McDonald*, 581 S.W.3d at 118; *Morelock v. Intercontinental Hotels Grp. Res.*, No. SD 37022, 2021 WL 4145240, at *6 (Mo. App. Sept. 13, 2021). However, under Eighth Circuit law, the issue can be raised on a 12(b)(6) motion if the defense is "apparent on the face of the complaint." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 728 F.3d 853, 861 (8th Cir. 2013) (citing *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012) and *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

Failure to exhaust is not clear on the face of the complaint simply because it is not discussed or definitively established in the complaint. *See Rodd v. Crandall*, et al., No. 19-CV-2172, 2021 WL 3741606, at *3 (D. Minn. Aug. 24, 2021) ("Here, [the] pleading does not mention exhaustion one way or the other, and it would be incorrect to find the absence of exhaustion from the absence of allegations concerning exhaustion, at least when [Plaintiff] had no burden to plead it."); *Spencer v. U.S. Bureau of Prisons*, No. 20-CV-1236, 2021 WL 3426049, at *2 (D. Minn. June 1, 2021), *report and recommendation adopted*, No. 20-CV-1236, 2021 WL 3422397 (D. Minn. Aug. 5, 2021) (finding 12(b)(6) dismissal inappropriate when the complaint did not concretely establish the plaintiff *failed* to exhaust). To support its Motion to

7

Case 2:20-cv-04236-NKL    Document 66    Filed 10/18/21    Page 7 of 13

Dismiss, Farm Bureau only points to Patton's failure to allege he received an MHRA right to sue letter and the absence of any proof of such a letter. This is not sufficient to clearly establish Mr. Patton failed to exhaust his MHRA claim. This is so even though Patton affirmatively alleged he received a Right to Sue letter from the EEOC.

Because Mr. Patton was under no obligation to plead exhaustion, and because it is not clear from the allegations in the Complaint that Mr. Patton failed to exhaust, the Court DENIES Farm Bureau's Motion to Dismiss Mr. Patton's MHRA claims.

### C. Whether Mr. Patton's Properly Exhausted his Federal Claims

Next, Farm Bureau argues that Mr. Patton's claims under federal discrimination statutes must be dismissed because he failed to exhaust those as well. While Mr. Patton did receive a Right to Sue Letter from the EEOC, Farm Bureau argues that he did not attach his final Charge to the Complaint, and that the one he did attach did not name the correct entities.

First, Farm Bureau cites no authority for the proposition that Mr. Patton was required to attach his Charge to the Complaint, and controlling precedent suggests the opposite. *See Miles v. Bellfontaine Habilitation Ctr.,* 481 F.3d 1106, 1107 (8th Cir. 2007) ("We know of no authority requiring [Plaintiff] to attach her EEOC charge to her complaint, or to provide additional support for her unchallenged complaint allegations."). Mr. Patton was only required to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. He has done that through the detailed factual allegations in his Complaint. It is not clear from the face of the Complaint that Mr. Patton failed to exhaust and that is all that is required at this stage of the litigation.

Farm Bureau suggests that, even if the Court considers Mr. Patton's Charge and Right to Sue Letter, the administrative process was inadequate because the Charge named only "Farm

8

Bureau," and not any of the entities Mr. Patton named as defendants, as the discriminating party. Farm Bureau inappropriately attempts to elevate form over substance. *See, e.g.*, *Greenwood v. Ross,* 778 F.2d 448, 451 (8th Cir. 1985) (rejecting argument that omission of a party's name from an administrative charge would automatically mandate dismissal of a judicial action under Title VII). "As a general rule, a complainant must file a charge against a party with the EEOC before [he] can sue that party under Title VII." *See Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir. 1985) (internal citations omitted). However, exceptions to this rule have been recognized when "substantial identity" exists between the parties before the EEOC and the trial court or if the unnamed party had adequate notice of the administrative charge and an opportunity to participate in the administrative proceedings. *Id.* ("The Title VII notice requirement is satisfied if a party 'sought to be included as a defendant knew or should have known that his conduct might be the subject of the inquiry at issue.'"). Whether a defendant had proper notice—especially when that defendant is a corporate entity operating within a larger corporate structure—is typically a fact-intensive affirmative defense, making it "a particularly inappropriate basis for dismissal." *See Whitney v. Franklin Gen. Hosp.*, 995 F. Supp. 2d 917, 930 (N.D. Iowa 2014).

From the face of the Complaint and the administrative materials that the Court can consider, it is not clear that Mr. Patton's Charge of Discrimination failed to give notice to all the defendants. While the Charge of Discrimination does name only "Farm Bureau" as the discriminating employer, Mr. Patton also listed an address for that employer: 701 South Country Club Drive, Jefferson City, Missouri. *See* Doc. 57-2, at 1 (Charge of Discrimination). Public records suggest that most, if not all, Farm Bureau defendants list this address as their corporate headquarters or principal office location. Further, the MCHR sent a letter discussing Mr.

Patton's Charge of Discrimination, and a copy of it, to this address, addressed to "Farm Bureau Insurance Services, Inc." *Id.* at 6. The narrative portion of the Charge of Discrimination clearly identifies Mr. Patton's position, where he worked, and the Farm Bureau personnel involved with the alleged misconduct. *Id.* at 2–3. A copy of Mr. Patton's Right to Sue letter was also sent to this address. *See* Doc. 57-1. Finally, Cathleen A. Martin, who represents Farm Bureau in this Court, appears to have represented Farm Bureau during the administrative process, as she also received a copy of the Right to Sue letter. *Id.*

While evidence ultimately may show that the administrative process was inadequate with respect to some Farm Bureau Defendants, it is not clear from the face of the Complaint that it was. Accordingly, Farm Bureau's Motion to Dismiss on this basis is DENIED.

### D. Whether the Complaint Complied with Rule 8(a)

Finally, Farm Bureau argues Count I should be dismissed because "it fails to give Defendants . . . fair notice of Plaintiff's claims and the grounds upon which they are brought." Doc. 31 at 3. Specifically, Farm Bureau claims that the Complaint, which alleges Farm Bureau violated "42 USC 2000e et seq. and other Federal Anti-Discrimination Statutes as well as Chapter 213 RSMo," was insufficiently specific under Rule 8(a). At bottom, Farm Bureau suggests that because Mr. Patton does not cite a specific statutory source for his claims, they must be dismissed. However, a more concrete citation to the statutory source of Mr. Patton's cause of action is not necessary to survive a motion to dismiss. *Bausch v. Stryker Corp.*, 630 F.3d 546, 559–60 (7th Cir. 2010) ("Defendants object that the original complaint does not specify the precise defect or the specific federal regulatory requirements that were allegedly violated. Although the complaint would be stronger with such detail, we do not believe the absence of

those details shows a failure to comply with Rule 8 of the Federal Rules of Civil Procedure or can support a dismissal under Rule 12(b)(6).")

"The well-pleaded facts alleged in the complaint, not the legal theories of recovery or legal conclusions identified therein, must be viewed to determine whether the pleading party provided the necessary notice and thereby stated a claim in the manner contemplated by the federal rules." *Parkhill*, 286 F.3d at 1057–58. "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of the claim. Factual allegations alone are what matters." *Quinn–Hunt*, 122 Fed. Appx. at 207 (quoting *Albert v. Carovano,* 851 F.2d 561, 571 n. 3 (2d Cir. 1988)). "The court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848–49 (8th Cir. 2014) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)).

The factual allegations in Mr. Patton's complaint make his claim, and its factual basis, abundantly clear. Mr. Patton claims that, while working for Farm Bureau, another employee, Ms. West, complained of a hostile work environment, sexual harassment, and discrimination by another Farm Bureau employee, Mr. Lacey. *See* Doc. 1, ¶¶ 10, 18, 21–25, 27. Believing he was under a duty to do so as a senior agent, Mr. Patton passed Ms. West's complaint on to his supervisors at Farm Bureau's home office in Jefferson City during an in-person meeting on April 19, 2019. *Id.* at ¶¶ 27–31, 47. Farm Bureau did nothing to investigate Mr. Patton's report. *Id.* ¶¶ 38–40, 47, 69. Approximately six weeks after Mr. Patton's meeting with his supervisors on April 19, 2019, he was unexpectedly fired from his position. *Id.* ¶¶ 44, 69. These facts—accepted as true—provide the outer bounds of Mr. Patton's legal claims. This is not a case where the Complaint presents wide-sweeping, incomprehensible, or vague allegations that leave

the defendant guessing what the alleged misconduct is and the potential sources of the plaintiff's recovery.

While Farm Bureau is correct that Mr. Patton's general legal citations could potentially implicate wide swaths of federal and state antidiscrimination law, the Complaint contains more than enough factual material to provide Farm Bureau with fair notice of "what the claim is and the grounds upon which it rests[.]" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam)). Count I of the Complaint is titled "Retaliatory Discharge For Reporting Gender Discrimination, Sexual Harassment and Creation of Hostile Work Environment . . . ." and specifically pleads that "Defendant directly retaliated against the Plaintiff for reporting the misconduct of co-employee Skyler Lacey." Doc. 1, ¶ 64. The Complaint is devoid of factual allegations pertinent to any antidiscrimination claim other than retaliation. As such, Farm Bureau should have had no trouble discerning the nature of and basis for Mr. Patton's lawsuit. *See generally Parkhill*, 286 F.3d at 1057–58; *c.f. Cavender v. Medtronic, Inc.*, No. 3:16-CV-232, 2016 WL 6599744, at *7 (N.D. Ind. Nov. 8, 2016) ("Sure, it is obvious from the words she uses in her complaint that she is basing her claims on various product liability theories, but her precise claims, and the legal bases for them, are difficult to discern given that she fails to include *facts* to define them.") (emphasis added). Here, Mr. Patton's Complaint alleges, in specific detail, the events leading up to his termination. These specific factual allegations anchor the broad legal citations in the Complaint and provide notice to Farm Bureau as to the purported legal violations.[3]

---

[3] Although Farm Bureau recognizes that it seemed Mr. Patton sought to plead a retaliatory discharge claim, it never once argued that Mr. Patton failed to meet the plausibility pleading standard. Doc. 31, at 4. Instead, it appears Farm Bureau's motion rests solely on the fact that Mr. Patton did not provide specific citations to the statutes he alleges were violated.

Because the Complaint provides "fair notice of what the . . . claim is and the grounds upon which it rests[,]" Farm Bureau's Motion to Dismiss Count I is DENIED. *See Twombly*, 550 U.S. at 555.

### E.  Motion for More Definite Statement

In determining whether to grant a motion for more definite statement, "the only question is whether it is possible to frame a response to the pleading." *Ransom*, 918 F.Supp.2d at 901. Here, the Complaint provides more than enough specific detail to permit Farm Bureau to investigate Mr. Patton's allegations and craft a response. More to the point, in his opposition to the Motion, Mr. Patton has clarified that he intends to assert a retaliation claim only under Title VII, and specifically cites 42 U.S.C. § 2000e-3(a) as the source of his federal claims. At bottom, it is possible for Farm Bureau to frame a responsive pleading, and therefore its alternative Motion for a More Definite Statement is DENIED.

## IV.  Conclusion

Accordingly, Count II of the Complaint is hereby DISMISSED, and any reference to the MMPA will be stricken from the Complaint under Rule 12(f). The remainder of Farm Buerau's Motion is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: October 18, 2021  
Jefferson City, Missouri